1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                     FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9    DANIEL RUIZ,                          Case No.  2:22-cv-01133-JDP (PC)

10              Plaintiff,                  SCREENING ORDER THAT PLAINTIFF:

11         v.                                   (1) PROCEED ONLY WITH HIS
                                                FIRST AMENDMENT RETALIATION
12   ELIZABETH GONZALEZ, *et al.*,              CLAIMS AGAINST DEFENDANTS
                                                GONZALEZ, BINION, AND CHACON
13              Defendants.
                                                (2) DELAY SERVING ANY
14                                              DEFENDANT AND FILE AN
                                                AMENDED COMPLAINT
15
                                            ECF No. 1
16
                                            THIRTY-DAY DEADLINE
17

18

19         Plaintiff, a state prisoner proceeding without counsel, alleges that defendants Gonzalez,

20   Binion, and Chacon violated his First Amendment rights by retaliating against him for filing a

21   grievance.  These claims are cognizable.  Plaintiff also alleges that defendants violated his

22   Fourteenth Amendment due process rights and sections of the California Penal and Civil Codes.

23   For the reasons explained below, these claims are non-cognizable.  Plaintiff may proceed only

24   with his First Amendment claims, or he may delay serving any defendant and file an amended

25   complaint.

26

27

28

1

**Screening Order**

2

**I.     Screening and Pleading Requirements**

3

A federal court must screen a prisoner's complaint that seeks relief against a governmental

4

entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

5

claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

6

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

7

immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

8

A complaint must contain a short and plain statement that plaintiff is entitled to relief,

9

Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

10

face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

11

require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

12

662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

13

possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

14

identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

15

1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

16

give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

17

n.2 (9th Cir. 2006) (en banc) (citations omitted).

18

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

19

U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

20

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

21

would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

22

However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

23

of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

24

1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

25

26

27

28

## II.     Analysis

Plaintiff alleges that beginning in 2018 he was assigned a prison job in the main canteen at Folsom State Prison.  ECF No. 1 at 9.  In 2020, defendant Gonzalez was made main supervisor at the canteen, and was soon clashing with plaintiff and other employees because of her "aggressive, abusive, threatening, and combative" demeanor.  *Id.*  Binion and Chacon were also staff members at the canteen and were aware of Gonzalez's behavior toward plaintiff.  *Id.*  Plaintiff wrote a grievance against Gonzalez, and all three defendants began to retaliate against him.  *Id.* at 9-12.  These allegations are sufficient to state First Amendment claims against these defendants.

Plaintiff also alleges that defendants' actions violated his Fourteenth Amendment due process rights, *id.* at 4, but he does not allege how.  He does allege that Gonzalez authored a false rules violation report against him; this, however, standing alone, does not amount to a constitutional violation.  *See Davis v. Herrick*, No. 1:15-cv-01299-LJO-EPG (PC), 2018 U.S. Dist. LEXIS 25302, *8 (E.D. Cal. Feb. 14, 2018) ("Filing false allegations by itself does not violate a prisoner's constitutional rights so long as (1) the prisoner receives procedural due process before there is a deprivation of liberty as a result of false allegations, and (2) the false allegations are not in retaliation for the prisoner exercising constitutional rights.").  Here, I have already found that plaintiff has stated a cognizable First Amendment retaliation claim.  He has failed to allege, however, that he did not receive the procedural due process he was owed before a liberty deprivation.

Plaintiff has also alleged that defendants violated California state law, specifically §§ 6129 and 147 of the California Penal Code and §§ 3288 and 3294 of the California Civil Code. ECF No. 1 at 5-7.  There is no private right of action under the California Penal Code and the claims arising under those sections fail.  *See Gulizia v. Harrell*, No. 21-cv-05983-BLF, 2021 U.S. Dist. LEXIS 187233, *1-2 (N.D. Cal. Sept. 29, 2021).  Indeed, courts have specifically held that penal code section 147 does not create a private cause of action.  *See Romo v. Cate*, No. 2:11-cv-2898-DAD-P, 2014 U.S. Dist. LEXIS 121363, at *40-41 (E.D. Cal. Aug. 29, 2014) (Cal. Penal Code §§ 147 and 673 did not create a private right of action).  And section 6129 governs the actions of the Inspector General in investigating complaints for retaliation from an employee

1    against a member of management at the Department of Corrections and Rehabilitation.  Cal.

2    Penal Code § 6129(b)(1).  Nothing therein indicates that the code intended to create a private

3    cause of action.  The civil code sections 3288 and 3294 govern damages in civil trials, and are not

4    separate causes of action in and of themselves.  *See Arroyo v. Tilton*, No. 1:11-cv-01186-DLB-

5    PC, 2012 U.S. Dist. LEXIS 60269, *20-21 n.1 (E.D. Cal. Apr. 27, 2012) ("Plaintiff also cites

6    California Civil Code sections 3288 and 3294 in support of his cause of action for oppression.

7    These sections, however, relate to damages in a civil trial and are irrelevant to his allegations.").

8           Plaintiff may either proceed only with the cognizable claims identified above or he may

9    delay serving any defendant and file an amended complaint.  If plaintiff decides to file an

10   amended complaint, the amended complaint will supersede the current complaint.  *See Lacey v.*

11   *Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended

12   complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D.

13   Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves

14   any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need

15   to assert each claim and allege each defendant's involvement in sufficient detail.  The amended

16   complaint should be titled "Amended Complaint" and refer to the appropriate case number.

17          Accordingly, it is ORDERED that:

18      1.  Within thirty days from the service of this order, plaintiff either advise that he wishes

19   to proceed only with his First Amendment retaliation claims against the defendants or delay

20   service and file an amended complaint.

21      2.  Failure to comply with this order may result in the dismissal of this action.

22      3.  The Clerk of Court is directed to send plaintiff a complaint form.

23
     IT IS SO ORDERED.
24

25
     Dated:   __February 16, 2023__                    _____
26                                                      JEREMY D. PETERSON
                                                        UNITED STATES MAGISTRATE JUDGE
27

28
                                                4